**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

NRCO ENGINEERING, S.A.,

     *Petitioner*,

v.

LINDEN ENERGY, LLC and
STEPHEN PRENTISS PAYNE,
in his individual capacity,

     *Respondents*.

Civil Action No. 4:26-cv-03617

**PETITION AND MOTION TO CONFIRM FINAL ARBITRATION AWARD**

Petitioner NRCO Engineering, S.A. ("NRCO" or "Petitioner"), by and through its undersigned counsel, respectfully submits this Petition and Motion (the "Petition") to Confirm the Final Award dated May 1, 2026 in the non-domestic contractual arbitration ("Arbitration") between NRCO and Respondents Linden Energy, LLC and Stephen P. Payne (collectively, "Respondents") pursuant to the arbitration provision in the parties' Shares Purchase Agreement ("SPA" or "Agreement").

**PARTIES**

1.  Petitioner NRCO is a company incorporated in the Republic of Panama with its principal place of business there. NRCO is wholly owned by Ovik Mkrtchyan, a respected engineer and businessperson who resides in Latvia, Switzerland, and the United Kingdom.

2.  Respondent Linden Energy, LLC ("Linden") is a limited liability company organized under the laws of Delaware with its principal place of business in Houston, Texas.

1

3.      Respondent Stephen Prentiss Payne ("Payne") is a U.S. citizen who resides in Richmond, Texas, and is a citizen of Texas. At all relevant times, Payne held himself out as Linden's President and is an individual guarantor for the return of funds at issue in the Arbitration.

<b><u>JURISDICTION AND VENUE</u></b>

4.      Petitioner seeks confirmation of the Final Award dated May 1, 2026 (the "Final Award"), which was rendered in Petitioner's favor by a sole arbitrator, Edward "Trey" Bergman III, in proceedings administered by the International Centre for Dispute Resolution ("ICDR"). The Final Award is attached as **Exhibit A** to the Declaration of Ryan P. Hartman in Support of Petition and Motion to Confirm Final Arbitration Award ("Hartman Declaration").

5.      This Petition is submitted under Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, which provides for the enforcement of non-domestic arbitration awards pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 330 U.N.T.S. 53 (the "New York Convention" or "Convention"). *See id.* art. I(1).

6.      The Final Award is a non-domestic arbitration award because it arises out of the commercial relations under the SPA between Petitioner (a Panamanian company) and Respondents (U.S. persons). *See, e.g.*, *Matter of Arb. Between Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 295 (S.D. Tex. 1997), *aff'd sub nom. Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 161 F.3d 314 (5th Cir. 1998).

7.      The Court has subject matter jurisdiction to confirm the Final Award under 9 U.S.C. § 203, which provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United

2

States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."

8.    In the alternative, Petitioner seeks confirmation of the Final Award under Chapter 1 of the FAA, 9 U.S.C. §§ 1-16. *See Matter of Arb. Between Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. at 309 n.191 ("The court has the power to confirm the arbitration award under both the FAA and the New York Convention.").

9.    The Court has subject matter jurisdiction to confirm the Final Award under 28 U.S.C. § 1332. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity exists because Petitioner is a citizen of a foreign state, and Respondents are citizens of one or more U.S. states.  On information and belief, every member of Linden is a citizen of one or more U.S. states.

10.    This Court has personal jurisdiction over Respondents because Linden has its principal place of business in Houston and Payne resides in Fort Bend County, Texas.

11.    This Court also has personal jurisdiction over Respondents pursuant to 9 U.S.C. § 9, which provides: "Notice of the application [to confirm the arbitration award] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding." In addition, Respondents appeared each day at the Arbitration hearing in Bellaire, Texas.

12.    Venue is proper in this District pursuant to 9 U.S.C. § 204, which in relevant part provides: "An action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought . . . in such court for the district and division which embraces the place designated in the [arbitration] agreement as the place of arbitration if such place is within the United States." The place of the Arbitration under the parties' agreement was

Houston, Harris County, Texas. Accordingly, venue is proper in this District. Venue is also proper under 28 U.S.C. § 1391 because all respondents reside or are deemed to reside in this District.

## FACTUAL BACKGROUND

**A.      The SPA and the Underlying Dispute**

13.      On July 5, 2016, Petitioner NRCO and Respondent Linden entered into a Shares Purchase Agreement, pursuant to which NRCO agreed to fund up to $1.5 million in exchange for a 50% equity interest in Linden. Respondent Payne guaranteed Linden's obligations under the SPA.

14.      In connection with the SPA, Payne executed a Promissory Note in favor of Ovik Mkrtchyan in the principal amount of $1,500,000, with a two-year maturity date and repayment amount of $1,700,000 including interest. The SPA, the guarantee, and the Promissory Note are attached as **Exhibit B** to the Hartman Declaration and are referred to in the Final Award as "CX 72."

15.      The Promissory Note was later assigned to NRCO. The assignment and notice of assignment are attached as **Exhibit C** to the Hartman Declaration and are referred to in the Final Award as "CX 1" and "CX 7."

16.      NRCO performed its obligations under the SPA by transferring funds to Linden, including at least $1 million in cash and additional financial support in the form of a cash bond issued for the project.

17.      Under the SPA, Linden was required to complete certain business objectives within a specified period. If those objectives were not met, Linden was obligated to return the funds advanced by NRCO, and Payne's guarantee obligated him to ensure repayment.

18.     Linden and Payne failed to complete the required business objectives and did not return the funds advanced by NRCO. Payne also failed to repay any amounts due under the Promissory Note.

19.     Despite repeated subsequent demands, Payne and Linden did not repay the amounts owed under the SPA and the Promissory Note.

**B.      The Arbitration Agreement**

20.     The SPA contained a mandatory arbitration clause that states:

> ARBITRATION: The parties to this Agreement agree to waive their right to a jury trial and submit all disputes, including, but not limited to, any fee disputes or claims, arising out of this Agreement to Binding Arbitration for a final and binding resolution conducted under the rules and regulations established by the American Arbitration Association. The costs of arbitration shall be equally divided between the parties. The losing party shall reimburse the prevailing party for attorneys' fees and costs after the decision of the arbitrator. NRCO understands that Linden Energy, LLC would not have conveyed the 50% equity interest upon the initial payment, without the entire consideration being paid under this agreement. The venue for any such arbitration will be in Houston, Harris County, Texas, and governed by the laws of the State of Texas.

**Exhibit B** to the Hartman Declaration.

21.     The Arbitration is governed by Texas law. The agreement states: "The venue for any such arbitration will be in Houston, Harris County, Texas, and governed by the laws of the State of Texas." *Id.*

**C.      The Arbitration Proceedings**

22.     Pursuant to the arbitration clause in the SPA, Petitioner initiated the Arbitration on April 14, 2025, by filing a notice and demand for arbitration with the ICDR.

23.     On June 3, 2025, the ICDR Administrative Review Council determined that the arbitration would be heard by a single arbitrator. On July 7, 2025, the Tribunal was constituted and Edward "Trey" Bergman III was appointed as the sole arbitrator (the "Arbitrator").

24.    On August 12, 2025, the Arbitrator conducted a preliminary hearing with counsel for all parties. Following that hearing, the Arbitrator issued a scheduling order governing the proceedings. At the preliminary hearing, the parties confirmed that they had no objections to the ICDR administering the arbitration, the applicable rules, or the Arbitrator, and agreed that the Arbitrator had full authority, power and jurisdiction to rule on all claims submitted in this Arbitration.

25.    The parties thereafter proceeded with written submissions. NRCO filed an Amended Notice of and Demand for Arbitration on August 13, 2025, asserting claims for breach of contract or, in the alternative, for conversion and unjust enrichment, and seeking recovery of amounts owed under the SPA and the Promissory Note.

26.    On August 20, 2025, Respondents filed their Answer, generally denying NRCO's claims and asserting, among other things, that the debt was reduced, satisfied, or otherwise discharged.

27.    The parties engaged in discovery and pre-hearing submissions, including the exchange of witness statements and expert reports. NRCO submitted an expert report on September 15, 2025. Respondents did not submit any expert report in the Arbitration. Both parties submitted witness statements and response statements in November and December 2025.

28.    The Arbitrator conducted an evidentiary hearing from December 16-19, 2025 and on January 12, 2026 at the Texas Justice Center in Bellaire, Texas. At the outset of the hearing, the parties announced ready and confirmed on the record that all prerequisites had been met or waived to allow the hearing to proceed. At the hearing, the parties presented witness testimony, submitted documentary evidence, and were represented by counsel.

29.    During the hearing, witnesses for both sides were examined, and the parties had the opportunity to present their respective positions, including through opening statements and witness examinations.

30.    Following the hearing, the parties submitted post-hearing materials, including post-hearing briefs, proposed reasoned awards, and submissions regarding attorneys' fees and costs.

**D.    The Final Award**

31.    On May 1, 2026, after reviewing and considering the documentary and testimonial evidence presented and the parties' arguments, the Arbitrator issued the Final Award, which is attached as **Exhibit A** to the Hartman Declaration.

32.    In the Final Award, the Arbitrator held that "Respondents are jointly and severally liable for all damages arising out of their default of the [SPA]" and "Payne is liable for all amounts arising out of his default of the Promissory Note." *Id.* at 4.

33.    Specifically, the Arbitrator held Respondents jointly and severally liable for the following amounts and awarded them to NRCO:

- $750,000 as the principal amount remaining under the SPA and the Promissory Note;

- Interest at the rate of 6.71% on $750,000 from and after December 21, 2025;

- $557,000 as pre-award interest at a rate of 6.71% on the applicable principal amounts, from July 21, 2016, through December 21, 2025;

- $768,940.10 in attorneys' fees;

- $101,574.50 in administrative fees and expenses of the ICDR and the arbitrator's fees and expenses.

*Id.* at 103-04.

34. The Arbitrator further "ordered Respondents jointly and severally to pay [Petitioner] post-judgment interest at the maximum rate allowed by law on the foregoing amounts from [the date of the Award] until paid in full." *Id.* at 104.

35. As of the date of the Award, the ceiling for post-judgment interest under Texas Finance Code § 304.001 *et seq.* was 6.75%. *See* Notice of Rate Ceilings, Texas Credit Letter, April 15, 2026, https://occc.texas.gov/wp-content/uploads/2026/04/04-15-2026.pdf. This rate should apply from issuance of the Award on May 1, 2026, through the date of a final judgment by this Court confirming the Award.

36. The Final Award also stated that "[t]his award is in full settlement of all claims submitted to this Arbitration." **Exhibit A** to the Hartman Declaration, at 104.

37. The Final Award was made in Houston, Texas. *Id.*

### REQUEST FOR CONFIRMATION OF THE FINAL AWARD

38. The Final Award should be confirmed, recognized, and enforced under the New York Convention. It was made in accordance with the parties' agreement and is proper in all respects. The Final Award is a non-domestic award—it arose out of a legal relationship that is commercial in nature and is not entirely between citizens of the United States—and thereby falls within the purview of the New York Convention. *See* 9 U.S.C. § 202.

39. "A district court should enforce an arbitration award as written—to do anything more or less would usurp the tribunal's power to finally resolve disputes and undermine the pro-enforcement policies of the New York Convention." *Wartsila Finland OY v. Duke Capital LLC*, 518 F.3d 287, 292 (5th Cir. 2008). "Indeed, [a] court may vacate the award only if the arbitrators exceeded their powers by acting contrary to express contractual provisions or if the award otherwise violates the NY Convention." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d

742, 754 (5th Cir. 2020) (cleaned up). The party opposing confirmation bears a "heavy burden." *Id.* ("[A] reviewing court examining whether arbitrators exceeded their powers must resolve all doubts in favor of arbitration.") (quotation marks omitted); *see also Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1015-16 (5th Cir. 2015) ("The party opposing enforcement of the award on one of the grounds specified in the [New York] Convention has the burden of proof.").

40.     To that end, NRCO's only burden in obtaining confirmation under 9 U.S.C. § 207 is to provide the Court with two documents: (1) the award and (2) the agreement between the parties. *See Matter of Arb. Between Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. at 309. The Final Award is attached as **Exhibit A** to the Hartman Declaration. The parties' agreement—the SPA with attachments—is attached as **Exhibit B** to the Hartman Declaration. Therefore, NRCO has met its burden for confirmation of the Final Award.

41.     The Final Award was issued in the United States, a nation that is a party to the New York Convention.

42.     This petition is timely because it was filed within three years after the issuance of the Final Award. *See* 9 U.S.C. § 207.

43.     None of the grounds to refuse recognition or enforcement or to otherwise refuse to confirm the Final Award under applicable law, including those set forth in Article V of the New York Convention, apply.

44.     In the alternative, the Final Award should be confirmed under Chapter 1 of the FAA, 9 U.S.C. §§ 1-16.

45.     Under the FAA, judicial review of an arbitration award is "extraordinarily narrow." *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002) (quoting *Gulf Coast Indus. Workers*

*Union v. Exxon Co.*, 70 F.3d 847, 850 (5th Cir. 1995)). The FAA imposes a heavy presumption in favor of confirming arbitration awards and federal courts should "defer to the arbitrator's decision when possible." *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990). *See also Woods v. P.A.M. Transp. Inc.-L.U.*, 440 F. App'x 265, 268 (5th Cir. 2011) (noting the "summary nature of proceedings to confirm an arbitration award" and "the strong policy favoring expeditious enforcement of arbitration awards").

46.    Under 9 U.S.C. § 9 (like under § 207 implementing the New York Convention), NRCO has met its burden by presenting the Final Award and the parties' SPA. The burden thus shifts to the party opposing confirmation to show that one of the limited grounds set forth in Sections 10 or 11 of the FAA applies.

47.    There are also no grounds to correct, vacate, modify, or refuse to confirm the Final Award under 9 U.S.C. §§ 10-11.

48.    The petition also satisfies the requirements of 9 U.S.C. § 9.

49.    In light of the foregoing, the Final Award should be confirmed pursuant to the New York Convention or, alternatively, pursuant to 9 U.S.C. § 9.

## PRAYER FOR RELIEF

NRCO respectfully requests that the Court:

50.    Issue an order confirming the Final Award of the Arbitral Tribunal, as authorized by 9 U.S.C. § 207 or, alternatively, by 9 U.S.C. § 9;

51.    Enter a judgment that confirms the Final Award, holding Respondents jointly and severally liable to NRCO in the amounts of:

   a.    $750,000 as the principal amount remaining under the Agreement and Promissory Note;

10

b.   interest at the rate of 6.71% on $750,000 from and after December 21, 2025 (which through May 1, 2026, equals no less than $17,923.10);

c.   $557,000 as pre-award interest at a rate of 6.71% on the applicable principal amounts, from July 21, 2016, through December 21, 2025;

d.   $768,940.10 in attorneys' fees;

e.   $101,574.50 in administrative fees and expenses of ICDR and arbitrator fees and expenses; and

f.   Post-award interest on the above amounts, which total no less than $2,195,437.70, at a rate of 6.75% from May 1, 2026 (the date of the Final Award of the Arbitral Tribunal) through the date this Court enters judgment confirming the Final Award;

52.   Award post-judgment interest at the maximum rate allowed under 28 U.S.C. § 1961 on all of the foregoing amounts from the date this Court enters judgment confirming the Final Award until the judgment is paid in full;

53.   Award NRCO its costs in bringing this action pursuant to Federal Rule of Civil Procedure 54(d)(1);

54.   Retain jurisdiction over this action and, pursuant to Federal Rule of Civil Procedure 69, permit any discovery, writs, and process that may be proper to aid in the enforcement or execution of the judgment; and

55.   Award NRCO any and all other relief that the Court deems just and proper.

Dated:  May 5, 2026

Respectfully submitted,

/s/ Ryan P. Hartman
Ryan P. Hartman (Attorney-in-Charge)
Tex. Bar 24050727 / S.D. Tex. Bar 608056
ARNOLD & PORTER KAYE SCHOLER LLP
811 Main Street, Suite 1800
Houston, TX 77002-2755
Telephone: (713) 576-2438
Email: Ryan.Hartman@arnoldporter.com

*Attorneys for Petitioner NRCO Engineering, S.A.*