**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NRCO ENGINEERING, S.A., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-03617 |
| | § | |
| LINDEN ENERGY, LLC and | § | |
| STEPHEN PRENTISS PAYNE, | § | |
| in his individual capacity, | § | |
| | § | |
| Respondents. | § | |

**RESPONDENTS' ANSWER TO PETITION AND MOTION TO CONFIRM FINAL
ARBITRATION AWARD**

Respondents Linden Energy, LLC ("Linden") and Stephen Prentiss Payne ("Payne") (collectively, "Respondents"), by and through undersigned counsel, file this Answer to the Petition and Motion to Confirm Final Arbitration Award (the "Petition") of Petitioner NRCO Engineering, S.A. ("NRCO" or "Petitioner"). Except as expressly admitted herein, Respondents deny each and every allegation contained in the Petition. The unnumbered introductory paragraph of the Petition characterizes the nature of NRCO's action and states legal conclusions to which no response is required; to the extent a response is required, Respondents admit that NRCO seeks confirmation of a document dated May 1, 2026, and deny that the Final Award is entitled to confirmation, recognition, or enforcement. Responding to the correspondingly numbered allegations of the Petition, Respondents state as follows:

**PARTIES**

1.   Respondents admit that Petitioner NRCO Engineering, S.A. is associated with and, on information and belief, owned or controlled by Ovik Mkrtchyan. Respondents lack knowledge or information sufficient to form a belief as to NRCO's State of incorporation, its principal place of business, or Mr. Mkrtchyan's places of residence, and on that basis deny those allegations. The remaining characterization of Mr. Mkrtchyan is argumentative and requires no response; to the extent a response is required, it is denied.

2.   Admitted.

3.   Respondents admit that Stephen Prentiss Payne is a citizen of the United States and of the State of Texas who resides in Fort Bend County, Texas, and that Mr. Payne served as President of Linden Energy, LLC. Respondents admit that Mr. Payne executed a guarantee in the form set forth in the agreements attached to the Hartman Declaration, which speak for themselves. Respondents deny any characterization of the nature, scope, or enforceability of that guarantee, deny that Mr. Payne is personally liable for the amounts at issue, and deny the remaining allegations of this paragraph.

**JURISDICTION AND VENUE**

4.   Respondents admit that a document styled as the Final Award, dated May 1, 2026, was issued by a sole arbitrator, Edward "Trey" Bergman III, in proceedings administered by the ICDR, and that NRCO has attached that document as Exhibit A to the Hartman Declaration. Respondents respectfully refer the Court to that document for its complete contents, and deny any characterization that the Final Award was properly rendered or is entitled to recognition, confirmation, or enforcement.

5.   The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Respondents admit that NRCO purports to proceed under Chapter 2 of the Federal Arbitration Act and the New York Convention, and deny that the Final Award is entitled to recognition, confirmation, or enforcement thereunder.

6.   The allegations in this paragraph state legal conclusions, and the cited authority speaks for itself, such that no response is required. To the extent a response is required, Respondents do not contest that the Final Award may be characterized as a non-domestic award, and deny the remaining allegations and legal conclusions.

7.   The allegations in this paragraph state legal conclusions to which no response is required, and the cited statute speaks for itself. To the extent a response is required, Respondents do not contest that the Court has subject-matter jurisdiction for the limited purpose of this proceeding, and deny the remaining allegations.

8.   The allegations in this paragraph state legal conclusions to which no response is required, and the cited authority speaks for itself. To the extent a response is required, Respondents deny that the Final Award is entitled to confirmation under Chapter 1 of the Federal Arbitration Act or any other provision of law.

9.   The allegations in this paragraph state legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, Respondents do not contest that the amount in controversy exceeds $75,000 or that the Court has diversity jurisdiction for the limited purpose of this proceeding, admit that, on information and belief, the members of Linden Energy, LLC are citizens of one or more States of the United States, and deny the remaining allegations and legal conclusions.

10.    The allegations in this paragraph state legal conclusions regarding personal jurisdiction to which no response is required. To the extent a response is required, Respondents admit that Linden Energy, LLC maintains its principal place of business in Houston, Texas and that Mr. Payne resides in Fort Bend County, Texas, and do not contest personal jurisdiction for the limited purpose of this proceeding.

11.    The allegations in this paragraph state legal conclusions to which no response is required, and the cited statute speaks for itself. To the extent a response is required, Respondents admit that they appeared and participated in the arbitration hearing held in Bellaire, Texas, and do not contest personal jurisdiction for the limited purpose of this proceeding.

12.    The allegations in this paragraph state legal conclusions regarding venue to which no response is required, and the cited statutes speak for themselves. To the extent a response is required, Respondents admit that the parties' agreement designated Houston, Harris County, Texas as the place of arbitration, and do not contest venue for the limited purpose of this proceeding.

## FACTUAL BACKGROUND

### A.    The SPA and the Underlying Dispute

13.    Respondents admit that, on or about July 5, 2016, NRCO and Linden Energy, LLC entered into a Shares Purchase Agreement, and that Mr. Payne executed a guarantee in connection therewith. Respondents respectfully refer the Court to the Shares Purchase Agreement for its complete and accurate terms, and deny any characterization of that agreement inconsistent with its terms, including any characterization of the amount NRCO agreed to fund or the nature of the equity interest conveyed.

14.    Respondents admit that Mr. Payne executed a Promissory Note in connection with the transaction, and that the Shares Purchase Agreement, guarantee, and Promissory Note are reflected in the documents attached as Exhibit B to the Hartman Declaration and referenced in the Final Award. Respondents respectfully refer the Court to those instruments for their complete and accurate terms and deny any characterization inconsistent therewith.

15.    Respondents admit that NRCO has attached documents that purport to reflect an assignment of the Promissory Note and notice thereof. Respondents respectfully refer the Court to those documents for their complete and accurate terms and deny any characterization of their legal effect. Respondents specifically deny that NRCO acquired any enforceable right to payment to the extent the underlying obligation had been reduced, satisfied, or otherwise discharged.

16.    Respondents admit that NRCO transferred certain funds to Linden. Respondents deny that NRCO fully performed its obligations under the Shares Purchase Agreement, deny the amounts alleged as characterized, and deny the remaining allegations of this paragraph.

17.    The allegations in this paragraph purport to characterize the terms of the Shares Purchase Agreement, which speaks for itself. Respondents respectfully refer the Court to the agreement for its complete and accurate terms and deny any characterization inconsistent therewith and any legal conclusion regarding the scope of Respondents' obligations.

18.    Denied.

19.    Respondents admit only that NRCO made certain demands. Respondents deny that any enforceable amount remained owing under the Shares Purchase Agreement or the Promissory Note and deny the remaining allegations of this paragraph.

**B.    The Arbitration Agreement**

20.    Respondents admit that the Shares Purchase Agreement contained an arbitration provision, and respectfully refer the Court to that provision for its complete and accurate terms. Respondents deny any characterization inconsistent with the language of the provision.

21.    Respondents admit that the arbitration provision of the Shares Purchase Agreement provides that the venue for arbitration would be Houston, Harris County, Texas, and that the agreement would be governed by the laws of the State of Texas, as the provision states.

**C.    The Arbitration Proceedings**

22.    Admitted.

23.    Admitted.

24.    Respondents admit that a preliminary hearing was held on or about August 12, 2025 and that a scheduling order was thereafter issued, and admit that they did not object at that time to the ICDR, the applicable rules, or the appointment of the Arbitrator. Respondents deny any characterization suggesting that they thereby waived, released, or are estopped from asserting the grounds for refusal of recognition, confirmation, or enforcement, or for vacatur, modification, or correction, set forth in the defenses below, and respectfully refer the Court to the record for its complete contents.

25.    Respondents admit that the parties proceeded with written submissions and that NRCO filed an Amended Notice of and Demand for Arbitration on or about August 13, 2025 asserting the claims described. Respondents respectfully refer the Court to those submissions for their complete contents.

26.    Respondents admit that they filed an Answer on or about August 20, 2025 denying NRCO's claims and asserting, among other things, that the debt was reduced, satisfied, or otherwise discharged, and respectfully refer the Court to that Answer for its complete contents.

27.    Respondents admit that the parties engaged in discovery and pre-hearing submissions, that witness statements were exchanged in November and December 2025, and that Respondents did not submit an expert report. Respondents deny the allegations of this paragraph only to the extent they may be read to characterize the proceedings as having afforded Respondents a full and fair opportunity to present all evidence material to their defense, and respectfully refer the Court to the record for its complete contents.

28.    Respondents admit that an evidentiary hearing was conducted on December 16-19, 2025 and on January 12, 2026 in Bellaire, Texas, that the parties were represented by counsel, and that documentary and testimonial evidence was presented. Respondents admit that statements were made on the record at the outset of the hearing, deny any characterization that Respondents thereby waived the defenses set forth below, and respectfully refer the Court to the record for its complete contents.

29.    Respondents admit that witnesses were examined and that opening statements were made. Respondents deny the allegations of this paragraph only to the extent they may be read to characterize the proceedings as having afforded Respondents a full and fair opportunity to present all evidence material to their defense, and respectfully refer the Court to the record for its complete contents.

30.    Admitted.

**D.    The Final Award**

31.    Respondents admit that a document styled as the Final Award, dated May 1, 2026, was issued and is attached as Exhibit A to the Hartman Declaration, and respectfully refer the Court to that document for its complete contents. Respondents deny any characterization that the Arbitrator properly considered the evidence and arguments or that the Final Award is entitled to recognition, confirmation, or enforcement.

32.    Respondents admit that the Final Award contains the quoted language, and respectfully refer the Court to the Final Award for its complete contents. Respondents deny that the quoted findings are correct, supported by the record, or entitled to recognition, confirmation, or enforcement.

33.    Respondents admit that the Final Award purports to award the amounts described, and respectfully refer the Court to the Final Award for its complete contents. Respondents deny that NRCO is entitled to recover those amounts or any of them, deny that the Final Award is entitled to confirmation, and state further that the awarded amounts, including the computation of interest and the award of attorneys' fees, are subject to the defenses set forth below.

34.    Respondents admit that the Final Award contains the quoted language, and respectfully refer the Court to the Final Award for its complete contents. Respondents deny that NRCO is entitled to the relief described.

35.    The allegations in this paragraph state legal conclusions to which no response is required, and the cited authority speaks for itself. To the extent a response is required, Respondents deny that NRCO is entitled to the interest claimed and deny the remaining legal conclusions.

36.    Respondents admit that the Final Award contains the quoted language, and respectfully refer the Court to the Final Award for its complete contents.

37.    Respondents admit that the Final Award states that it was made in Houston, Texas, and respectfully refer the Court to the Final Award for its complete contents.

## REQUEST FOR CONFIRMATION OF THE FINAL AWARD

38.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Respondents do not contest that the Final Award may be characterized as a non-domestic award, and deny that the Final Award was made in accordance with the parties' agreement, that it is proper in all respects, or that it should be recognized, confirmed, or enforced.

39.    The allegations in this paragraph state legal conclusions and argument to which no response is required, and the cited authorities speak for themselves. To the extent a response is required, Respondents deny that the cited authorities entitle NRCO to confirmation on the record of this matter, and deny the remaining allegations.

40.    The allegations in this paragraph state legal conclusions to which no response is required, and the cited authority and referenced documents speak for themselves. To the extent a response is required, Respondents deny that NRCO has satisfied the requirements for confirmation, recognition, and enforcement of the Final Award, and deny that NRCO has met or shifted its burden.

41.    Respondents admit that the United States is a party to the New York Convention and that the Final Award states that it was made in the United States.

42.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Respondents do not contest the timeliness of the Petition, and deny the remaining legal conclusions.

43.   Denied. The grounds for refusing recognition, confirmation, and enforcement of the Final Award, including grounds set forth in Article V of the New York Convention, apply as set forth in the defenses below.

44.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Respondents deny that the Final Award should be confirmed under Chapter 1 of the Federal Arbitration Act or any other provision of law.

45.   The allegations in this paragraph state legal conclusions and arguments to which no response is required, and the cited authorities speak for themselves. To the extent a response is required, Respondents deny that those authorities entitle NRCO to confirmation on the record of this matter.

46.   The allegations in this paragraph state legal conclusions to which no response is required, and the cited statute and referenced documents speak for themselves. To the extent a response is required, Respondents deny that NRCO has satisfied all requirements for confirmation and deny the remaining legal conclusions.

47.   Denied. Grounds to vacate, modify, or correct the Final Award, or otherwise to refuse to confirm it, exist under 9 U.S.C. §§ 10 and 11, as set forth in the defenses below and as the record may support.

48.   The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

49.   Denied.

## RESPONSE TO PRAYER FOR RELIEF

The paragraphs of the Petition's Prayer for Relief, numbered 50 through 55 and including their subparts (a) through (f), set forth Petitioner's requested relief and state legal conclusions to which no response is required. To the extent a response is required, Respondents deny that NRCO is entitled to the relief requested in any of those paragraphs or subparts, deny that the Final Award should be confirmed, recognized, or enforced, deny that NRCO is entitled to the amounts, interest, fees, costs, or other relief described therein, and deny that NRCO is entitled to any relief whatsoever.

## GENERAL DENIAL

Respondents deny each and every allegation contained in the Petition that is not expressly admitted in this Answer.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Without conceding that they bear the burden of proof on any matter on which they would not otherwise bear it, and expressly reserving all rights, Respondents assert the following defenses to confirmation of the Final Award. Respondents recognize that, on a petition to confirm, the Court does not review the merits of the underlying dispute, and that the grounds available are those set forth in Article V of the New York Convention and in 9 U.S.C. §§ 10 and 11; the defenses below are framed accordingly.

**FIRST DEFENSE (Grounds for Refusing Recognition and for Vacatur, Modification, or Correction — Preserved).**

Respondents assert, and do not waive, the grounds for refusing recognition, confirmation, and enforcement of the Final Award set forth in Article V of the New York Convention, and the grounds for vacating, modifying, or correcting the Final Award set forth in 9 U.S.C. §§ 10 and 11, to the extent established by the record, including the grounds set forth in Article V(1)(b), (c), and

(d) and Article V(2)(b), and in 9 U.S.C. § 10(a)(2), (3), and (4) and § 11. Respondents do not concede that they bear the burden of proof on any matter as to which they would not otherwise bear it, and intend to present the bases for these grounds, as supported by the record, in their response to the Petition and Motion and in a timely application under 9 U.S.C. § 12.

**SECOND DEFENSE (Affirmative Defenses Preserved Under Federal Rule of Civil Procedure 8(c)).**

To the extent the merits of the underlying obligation are subject to review in this proceeding, and without conceding that they are, Respondents assert and preserve the following affirmative defenses under Federal Rule of Civil Procedure 8(c), each to the extent established by the record: accord and satisfaction; payment; release; discharge; waiver; and estoppel.

**THIRD DEFENSE (Failure to Satisfy the Requirements for Confirmation).**

To the extent established by the record, Petitioner has not satisfied all of the requirements and prerequisites for recognition, confirmation, and enforcement of the Final Award under the New York Convention and the Federal Arbitration Act, and the Petition is subject to denial on that basis.

**FOURTH DEFENSE (Reservation of Defenses; Application to Vacate, Modify, or Correct).**

Respondents have not knowingly or intentionally waived any applicable defense, and discovery and investigation in this action are ongoing. Respondents expressly reserve the right to amend or supplement this Answer and these defenses as permitted by the Federal Rules of Civil Procedure, to assert any additional defense available under Article V of the New York Convention or under 9 U.S.C. §§ 10 and 11, and to file a response to the Petition and Motion and a cross-motion or separate application to vacate, modify, or correct the Final Award within the time permitted by 9 U.S.C. § 12.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Respondents Linden Energy, LLC and Stephen Prentiss Payne respectfully request that the Court:

(a)    deny the Petition and Motion to Confirm Final Arbitration Award in its entirety;

(b)    refuse recognition and enforcement of the Final Award, and decline to confirm it;

(c)    vacate, modify, or correct the Final Award to the extent supported by the record and applicable law;

(d)    dismiss this action with prejudice and enter judgment that NRCO take nothing;

(e)    award Respondents their costs and reasonable attorneys' fees as permitted by the parties' agreement and applicable law; and

(f)    grant Respondents such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

By: /s/ Michael J. Wynne
Michael J. Wynne
TX Bar No. 00785289
SDTX Fed. Bar. No. 0018569
GREGOR WYNNE ARNEY, PLLC
4265 San Felipe, Suite 700
Houston, Texas 77027
Telephone: (281) 450-7403
Email: mwynne@gwafirm.com

ATTORNEY FOR RESPONDENTS'
LINDEN ENERGY, LLC AND
STEPHEN PRENTISS PAYNE

## CERTIFICATE OF SERVICE

I certify that on June 2, 2026, a true and correct copy of the foregoing instrument was served upon counsel of record by notice of electronic filing.

By: /s/ Michael J. Wynne
Michael J. Wynne