**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| NRCO ENGINEERING, S.A., | |
| *Petitioner*, | Civil Action No. 4:26-cv-03617 |
| | Hon. David Hittner |
| v. | |
| LINDEN ENERGY, LLC and STEPHEN PRENTISS PAYNE, | |
| *Respondents*. | |

**PETITIONER NRCO ENGINEERING, S.A.'S
REPLY IN SUPPORT OF ITS PETITION AND MOTION
TO CONFIRM FINAL ARBITRATION AWARD**

## TABLE OF CONTENTS

I.    Introduction ..................................................................................................1

II.   Respondents Have Not Met Their Burden to Oppose Confirmation.................3

III.  The Court Should Not Defer Confirmation Based on a Possible Future
      Motion to Vacate..................................................................................................4

IV.   Respondents' Request for Deferral Continues a Pattern of Delay....................8

V.    Conclusion.................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABNL Ltd. v. Baker Hughes Process Sys.*,
No. CV H-04-4662, 2005 WL 8164068 (S.D. Tex. May 16, 2005)....................5

*AIA Corp. v. Something Inked LLC*,
No. 21-C-641, 2021 WL 3173182 (E.D. Wis. July 27, 2021)............................7

*Matter of Arb. Between Trans Chem. Ltd. & China Nat. Mach. Imp. &
Exp. Corp.*,
978 F. Supp. 266 (S.D. Tex. 1997), *aff'd sub nom. Trans Chem.
Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 161 F.3d 314 (5th
Cir. 1998) ....................................................................................................3

*Downer v. Siegel*,
489 F.3d 623 (5th Cir. 2007) .................................................................3

*Eletson Holdings Inc. v. Levona Holdings Ltd.*,
No. 23-CV-7331 (LJL), 2025 WL 1558380 (S.D.N.Y. June 2,
2025) ..........................................................................................................6

*G.E. Transp. S.P.A. v. Republic of Albania*,
693 F. Supp. 2d 132 (D.D.C. 2010)....................................................7

*Kanuth v. Prescott, Ball & Turben, Inc.*,
No. CIV. A. 88-1416, 1990 WL 91579 (D.D.C. June 19, 1990) .....................6, 8

*Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas
Bumi Negara*,
364 F.3d 274 (5th Cir. 2004) ...............................................................6

*McLaurin v. Terminix Int'l Co., LP*,
13 F.4th 1232 (11th Cir. 2021) ................................................... 4-6, 8

*Rain CII Carbon, LLC v. ConocoPhillips Co.*,
674 F.3d 469 (5th Cir. 2012) ...............................................................3

ii

*Saipem Am., Inc. v. Wellington Underwriting Agencies, Ltd.*,
  No. 4:07-CV-03080, 2008 WL 2276210 (S.D. Tex. Mar. 18, 2008)
  (Hittner, J.), *aff'd*, 335 F. App'x 377 (5th Cir. 2009).............................................3

*The Hartbridge*,
  57 F.2d 672 (2d Cir. 1932) ...............................................................................4, 7

*Wubben v. Kirkland*,
  No. 6:08-CV-1105, 2011 WL 13298216 (M.D. Fla. July 14, 2011)....................4

**Statutes**

9 U.S.C. § 10.............................................................................................................3

9 U.S.C. § 11.............................................................................................................3

9 U.S.C. § 12......................................................................................................4, 5, 8

9 U.S.C. § 207........................................................................................................3, 6

**Other Authorities**

The New York Convention,
  330 U.N.T.S. 53 ............................................................................... 1-3, 6, 7

## I.    Introduction

Petitioner NRCO Engineering, S.A. ("NRCO") respectfully submits this reply in support of its Petition and Motion to Confirm Final Arbitration Award (ECF No. 1).

On May 1, 2026, sole arbitrator Edward "Trey" Bergman III issued the Final Award in the underlying arbitration between NRCO and Respondents Linden Energy, LLC and Stephen Payne ("Respondents"). NRCO filed its petition to confirm the Final Award on May 5, 2026. On the same day, undersigned counsel emailed the petition and accompanying exhibits to Respondents' counsel, who represent Respondents in this proceeding and the arbitration. Respondents' counsel did not acknowledge receipt or otherwise respond. NRCO then hand-served the petition and other materials on Respondent Payne on May 12 (ECF No. 10) and Respondent Linden on May 13 (ECF No. 11), consistent with the Federal Rules of Civil Procedure. Respondents' responses were due on June 2 and June 3, respectively.

At the eleventh hour, when the opposition to the petition was due, Respondents filed a four-page placeholder response (ECF No. 13) and an answer (ECF No. 14), neither of which opposes the petition in any meaningful or substantive way. Respondents identify no actual basis for challenging the award. They submit no evidence. And they do not brief any specific ground to deny confirmation under

the Federal Arbitration Act ("FAA") or the New York Convention (the "Convention"). Instead, Respondents ask the Court to "defer ruling" on NRCO's petition on the sole ground that Respondents "intend to" file a motion to vacate in the future. Opp. 1, 3.

The petition should be granted for two reasons. First, Respondents' "opposition" to the petition is no opposition at all. Respondents bear a heavy burden to show why the Final Award should not be confirmed, and they do not even come close to discharging their burden with a perfunctory response that merely reserves unspecified objections for later. Second, neither the FAA nor the Convention permits a losing party to delay confirmation merely by asking the Court to "defer ruling" on the petition. If Respondents had a basis to oppose confirmation (they do not), they were required to state it in their response or move to vacate the award. They chose not to do so.

At bottom, Respondents' request is a bid for further delay, not a substantive opposition to confirmation. That request fits the pattern reflected in the arbitral record. Respondents have already had a full and fair opportunity to present their case in arbitration. They should not be permitted to postpone confirmation now by filing a response that identifies no ground for vacatur, no defect in the arbitral proceedings, and no reason why any objection could not be raised now.

2

## II.    Respondents Have Not Met Their Burden to Oppose Confirmation

A district court's review of an arbitration award is "extraordinarily narrow," *Downer v. Siegel*, 489 F.3d 623, 626 (5th Cir. 2007) (quotation marks omitted), and "exceedingly deferential," *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012) (quotation marks omitted). Thus, a party opposing confirmation under the Convention must make a "convincing showing" that one of the "narrow exceptions" to confirmation applies. *Matter of Arb. Between Trans Chem. Ltd. & China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 309 (S.D. Tex. 1997), *aff'd sub nom. Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 161 F.3d 314 (5th Cir. 1998) (quotation marks omitted); *see also* 9 U.S.C. § 207.

Similarly, a party opposing confirmation or seeking to vacate or modify an arbitral award under the FAA "bears a heavy burden to prove [that] one or more" of the grounds specified in 9 U.S.C. §§ 10, 11 apply. *Saipem Am., Inc. v. Wellington Underwriting Agencies, Ltd.*, No. 4:07-CV-03080, 2008 WL 2276210, at *1 (S.D. Tex. Mar. 18, 2008) (Hittner, J.), *aff'd*, 335 F. App'x 377 (5th Cir. 2009).

Respondents do not come close to discharging their burden. Respondents cite Article V(1)(b), (c), (d), and Article V(2)(b) of the Convention and 9 U.S.C. §§ 10 and 11, but never explain how any of those provisions apply here. Respondents present no argument, let alone evidence, that they were not given proper notice of the appointment of the arbitrator or that they were unable to present their case

3

(Article V(1)(b)), that the tribunal decided issues beyond the scope of the parties' submissions (Article V(1)(c)), that the composition of the tribunal or the arbitral proceedings was not in accordance with the parties' agreement (Article V(1)(d)), or that public policy bars confirmation (Article V(2)(b)). Nor do Respondents identify any corruption, fraud, evident partiality, refusal to hear material evidence, excess of arbitral authority, or other grounds warranting modification or vacatur under the FAA.

Accordingly, the Final Award should be confirmed.

## III.   The Court Should Not Defer Confirmation Based on a Possible Future Motion to Vacate

In the alternative, Respondents ask the Court to "defer [its] ruling" on the petition "until Respondents' § 12 application [notice of motion to vacate] is before the Court." Opp. 3. This argument rests on a false premise: that a losing party is entitled to delay confirmation proceedings for three months after the award issues. Neither the FAA nor the Convention provides any such right, and courts have long rejected this argument. *See, e.g.*, *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1240 (11th Cir. 2021); *The Hartbridge*, 57 F.2d 672, 673 (2d Cir. 1932) (a "motion to confirm puts the other party to his objections"); *Wubben v. Kirkland*, No. 6:08-CV-1105, 2011 WL 13298216, at *2 (M.D. Fla. July 14, 2011).

*McLaurin* is instructive. There, after winning the arbitration, the plaintiffs promptly moved to confirm.  13 F.4th at 1236. The district court set a response date,

4

but the defendant did not offer a substantive opposition to the motion. *Id.* Instead, like Respondents here, the defendant filed a "cursory Notice of Intention to File Motion to Vacate" arguing that it had a right to move to vacate any time within three months. *Id.* at 1236, 1241. At the end of the three-month period, the defendant filed its motion to vacate. *Id.* at 1236. The district court granted the motion to confirm as substantively unopposed and struck the motion to vacate as untimely. *Id.* The Eleventh Circuit affirmed. *Id.*

The Eleventh Circuit explained that "the FAA does not … condition confirmation on the absence of an *expected* motion to vacate"; nor does it "impose an automatic three-month stay on confirmation … because another party may file a motion to vacate." *Id.* at 1240-41. The three-month period in Section 12 is a statute-of-limitations provision that "sets an outer bound" but "does not impose a three-month delay for the benefit of an arbitration's loser." *Id.* at 1241-42; *see generally ABNL Ltd. v. Baker Hughes Process Sys.*, No. CV H-04-4662, 2005 WL 8164068, at *7 (S.D. Tex. May 16, 2005) ("The FAA has a three-month limitations period within which challenges to arbitration awards must be filed."). Accordingly, the Eleventh Circuit affirmed the district court's ruling that, because the defendant failed to substantively oppose the motion to confirm by its opposition deadline, the defendant "had waived those arguments" and "could not revive its waived arguments in a later-filed motion." *McLaurin*, 13 F.4th at 1242; *see also Kanuth v. Prescott,*

5

*Ball & Turben, Inc.*, No. CIV. A. 88-1416, 1990 WL 91579, at \*2-3 (D.D.C. June 19, 1990) (rejecting the notion that the losing party in an arbitration "should not have to defend a motion to confirm until after the three-month period" and concluding that there is "no statutory right to a three-month period after the award to sort out options, mull over tactics, or hold up confirmation of the award").

Respondents' reliance on 9 U.S.C. § 207 (Opp. 3) is also misplaced. Section 207 provides that the court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention applies." The Convention's deferral provision, set out in Article VI, permits, but does not require, an enforcement court "if it considers it proper, [to] adjourn the decision on the enforcement of the award." In particular, the Convention "contemplates that there will be occasions in which resolution of the action in [a] secondary jurisdiction should wait resolution of the action in the primary jurisdiction." *Eletson Holdings Inc. v. Levona Holdings Ltd.*, No. 23-CV-7331 (LJL), 2025 WL 1558380, at \*11 (S.D.N.Y. June 2, 2025). Section 207 thus governs situations where enforcement is sought while annulment proceedings are taking place elsewhere. *See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 308-10 (5th Cir. 2004).

In this case, annulment proceedings are not occurring elsewhere. It is for this Court to determine in the first instance whether any exception to confirmation

applies. NRCO's petition and motion for confirmation is the appropriate vehicle for that determination. In any event, courts have cautioned that "a stay of confirmation should not be lightly granted [under the Convention] lest it encourage abusive tactics by the party that lost in arbitration." *G.E. Transp. S.P.A. v. Republic of Albania*, 693 F. Supp. 2d 132, 138 (D.D.C. 2010) (quotation marks omitted). Respondents offer no case-specific reason why deferral is necessary or proper here. Respondents provide no reason why they could not have presented their objections in response to the petition and motion to confirm. They do not claim that transcripts are unavailable, exhibits are missing, or the arbitral record is incomplete. The final hearing in the arbitration took place months ago, in December 2025 and January 2026. Respondents fully participated in the arbitration and are already familiar with the record. Their request for deferral is therefore not a request for time to overcome any genuine obstacle; it is simply an attempt to delay confirmation. *See AIA Corp. v. Something Inked LLC*, No. 21-C-641, 2021 WL 3173182, at *1 (E.D. Wis. July 27, 2021) (denying motion to stay confirmation because defendant had "more than sufficient time to formulate their challenge to the arbitrator's award").[1]

---

[1] Some courts have allowed additional time to present objections to confirmation where the opposing party identified a concrete, case-specific reason why it could not present those objections in the ordinary response period. *See, e.g.*, *The Hartbridge*, 57 F.2d at 673 (exhibits were lost). Here, Respondents did not move for a stay. Nor did they request an extension. And they did not explain in their opposition what case-specific reasons justify

**IV.     Respondents' Request for Deferral Continues a Pattern of Delay**

Respondents' request for deferral should be seen for what it is: the latest maneuver in a years-long pattern of delay, broken promises, and disregard for the arbitral process.

This dispute has already been ongoing for years. The parties entered into a Shares Purchase Agreement with a Promissory Note in July 2016. Final Award (ECF No. 1-2) ¶ 7. Respondents failed to perform under the Agreement and did not repay the funds advanced by NRCO. *Id.* ¶¶ 121, 124. Despite acknowledging the existence of the debt, Respondents spent years stringing NRCO along with empty promises of payment. In February 2020, Respondent Payne reaffirmed the Promissory Note and stated that he expected to fulfill it. *Id.* ¶ 49. In July 2021, Payne again claimed that he planned to sell a portion of Respondent Linden to allow repayment of NRCO's

---

"deferral" of consideration of NRCO's petition and motion to confirm. Accordingly, any objections are waived for the reasons stated above.

If, nonetheless, the Court were inclined to allow Respondents additional time to file a motion to vacate, NRCO respectfully asks that the Court allow no more than seven days for them to do so. *See McLaurin*, 13 F.4th at 1242 (because "[t]he statutory deadline for giving notice of a motion to vacate sets an outer bound," district courts have discretion to shorten the three-month window for a motion to vacate under 9 U.S.C. § 12). Respondents do not need more time: the grounds for vacatur are "few" and narrow, and Respondents do not need to "go[] back over thousands of pages of documents that must deal mostly with the merits of the case—which cannot be reviewed here." *Kanuth*, 1990 WL 91579, at *3. Moreover, any extension should be balanced against "the harm to plaintiff if confirmation of his award is needlessly delayed," as well as "the [FAA's] strong public policy favoring judicial enforcement of binding arbitration clauses, and despatch in doing so." *Id.* (quotation marks omitted).

original investment, and again reaffirmed that the Promissory Note remained in full force. *Id.* ¶ 54. NRCO again demanded payment in 2024, but Respondents still did not tender the amount owed. *Id.* ¶ 94.

Instead, Respondents offered an ever-shifting story that the debt was supposedly forgiven—a story that the tribunal found was "inconsistent with [Payne's] witness statements" and "contradicts Payne's own contemporaneous communications…." *Id.* ¶ 166. The tribunal also found that Respondents' employee, Logan Somera, told a version of the debt forgiveness story that was "contradictory to Payne's testimony and … also unsupported by any documentary evidence." *Id.* ¶ 168. The tribunal ultimately rejected this ruse, citing, among other things, Respondents' "contradictory testimony and … inability to present a coherent theory about how much debt remained to be discharged and the timing and terms of any agreement to forgive that debt." *Id.* ¶ 170.

Respondents carried that same disregard for their obligations into the arbitration. Among other things, they repeatedly failed to tender their share of the ICDR tribunal's fees and expenses. *See id.* ¶ 27. They failed to submit their attorneys' fees materials by the deadline in the scheduling order. *Id.* ¶ 30. On the eve of the final hearing, Respondents also raised several new affirmative defenses for the first time in their pre-hearing brief—defenses that had not been timely raised in

9

their answer. *Id.* ¶ 101. The brief itself, at fifty pages long, also was in plain violation of the tribunal's ten-page limit. *Id.*

Most seriously, as Respondent Payne himself admitted during the final hearing, he and Respondents' other witness, Somera, submitted written witness statements that contained "numerous falsehoods on material points." *Id.* at pp. 10-11 n.1. Respondents' employee, Somera, similarly admitted to having made several "false and misleading assertions" in his witness statement. *Id.*

Now, having lost the arbitration on the merits, Respondents ask this Court to postpone confirmation, without identifying any specific ground under the Convention or the FAA, without submitting evidence, and without explaining why they could not have raised their objections in their opposition. Their request is not a legitimate procedural request; it is a continuation of the same pattern of delay and obstruction. The request should be denied, and the Final Award should be confirmed.

## V.    Conclusion

For the foregoing reasons, the Court should promptly grant NRCO's petition, confirm the Final Award, enter the proposed final judgment, and grant NRCO any other relief to which it may be entitled.

Dated:  June 9, 2026

Respectfully submitted,

/s/ Ryan P. Hartman

Ryan P. Hartman (Attorney-in-Charge)
Tex. Bar 24050727 / S.D. Tex. 608056
ARNOLD & PORTER KAYE SCHOLER LLP
811 Main Street, Suite 1800
Houston, TX 77002-2755
Telephone: (713) 576-2438
Email: Ryan.Hartman@arnoldporter.com

*Attorneys for Petitioner NRCO*
*Engineering, S.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I filed this submission by ECF, which served a copy on all counsel of record for all respondents.

/s/ Ryan P. Hartman
Ryan P. Hartman

11