United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NRCO ENGINEERING, S.A., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-26-3617 |
| | § | |
| LINDEN ENERGY, LLC AND STEPHEN PRENTISS PAYNE, | § | |
| | § | |
| | § | |
| Respondents. | § | |

ORDER

Pending before the Court is Petitioner's Petition and Motion to Confirm Arbitration Award (Document No. 1). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a dispute regarding an arbitration award arising out of commercial relations between Petitioner NRCO Engineering, S.A. ("Petitioner"), a Panamanian company, and Respondents Linden Energy, LLC and Stephen Prentiss Payne (collectively "Respondents"). On July 5, 2016, Petitioner and Respondent Linden Energy, LLC ("Linden") entered into a Shares Purchase Agreement (the "Agreement"). Pursuant to the Agreement, Petitioner promised to fund up to $1.5 million in exchange for a 50% equity interest in Linden. Respondent Stephen Prentiss Payne ("Payne") guaranteed Linden's obligations under the Agreement and

executed a promissory note, later assigned to Petitioner, in the principal amount of $1.5 million (the "Promissory Note"). Petitioner alleged that the Promissory Note was in default for non-payment by Payne, and that the Agreement was in default for breach by Linden.

Based on the foregoing, and pursuant to the Agreement's mandatory arbitration clause, Petitioner initiated arbitration on April 14, 2025, by filing a notice and demand for arbitration with the International Centre for Dispute Resolution ("ICDR"). Petitioner asserted claims for breach of contract or, alternatively, conversion and unjust enrichment. Edward "Trey" Bergman III was appointed as the sole arbitrator (the "Arbitrator"). The Arbitrator conducted an evidentiary hearing on December 16–19, 2025, and January 12, 2026. On May 1, 2026, the Arbitrator found Respondents jointly and severally liable for damages arising out of their default of the Agreement and found Payne liable for amounts arising out of his default of the Promissory Note (the "Final Award").[1] The Arbitrator awarded Petitioner: (1) $750,000.00 as the principal amount remaining under the Agreement and the Promissory Note; (2) interest at the rate of 6.71% on $750,000.00 from and after December 21, 2025; (3) $557,000.00 as pre-award interest at a rate of 6.71% on the applicable principal amounts, from July 21, 2016, through December 21,

[1] *See Petitioner's Motion to Confirm Arbitration Award*, Document No. 1, Exhibit 2 at 104–105 (*Final Award*).

2025; (4) $768,940.10 in attorneys' fees; (5) $101,574.50 in administrative fees and expenses of the ICDR and the arbitrator's fees and expenses; and (6) post-judgment interest at the maximum rate allowed by law on the foregoing amounts from the date of the Final Award until paid in full.[2] Petitioner now moves this Court to confirm the Arbitrator's Final Award pursuant to Chapter 1, or alternatively Chapter 2, of the Federal Arbitration Act ("FAA").

## II. STANDARD OF REVIEW

Chapter 1 of the FAA contains the general principles applicable to all arbitrations that fall under the FAA. *See* 9 U.S.C. §§ 1–16. Chapter 2 of the FAA incorporates the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or "Convention") and enforces commercial arbitration agreements in international contracts. *See id.* §§ 201–208.

"Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply . . . for an order confirming the award as against any other party to the arbitration." *Id.* § 207. In determining whether to recognize and enforce an arbitration award, "a court *must* enforce an arbitration award unless it finds one of the grounds for refusal or deferral of recognition or

[2] *See Final Award, supra* note 1 at 104–105.

enforcement specified in the Convention." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 288 (5th Cir. 2004) (emphasis added); *see also* Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. V, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 [hereinafter The New York Convention] (providing an exhaustive list of grounds for refusing the enforcement of an award).

"The party opposing enforcement of the award on one of the grounds specified in the Convention has the burden of proof." *Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1016 (5th Cir. 2015). "Defenses to enforcement under the [Convention] are construed narrowly, 'to encourage the recognition and enforcement of commercial arbitration agreements in international contracts.'" *Id.* (citing *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir. 1976)). "[T]o do anything more or less would usurp the tribunal's power to finally resolve disputes and undermine the pro-enforcement policies of the New York Convention." *Wartsila Finland OY v. Duke Capital LLC*, 518 F.3d 287, 292 (5th Cir. 2008).

## III. LAW & ANALYSIS

The Court will consider, in turn, Petitioner's motion to confirm the arbitration award under the general provisions of Chapter 1 of the FAA and under the Convention, incorporated by Chapter 2 of the FAA.[3]

On May 5, 2026, Petitioner filed its motion to confirm the arbitration award, pursuant to Chapter 2 of the FAA or, alternatively, Chapter 1.[4] On June 2, 2026, Respondents filed their opposition to Petitioner's motion asserting only that the statutory period for Respondents' application to vacate, modify, or correct the Final Award had not yet expired, and Respondents intended to file that application within that period.[5]

To obtain confirmation of an award under the Convention, the party applying for confirmation must supply the court with its arbitration award and original agreement between the parties, or certified copies thereof. *See* The New York Convention art. IV. Absent grounds to vacate, modify, or correct the award, the court

---

[3] The Court notes that the Final Award falls within the purview of 9 U.S.C. § 202 as it arises out of the commercial relations under a sales purchase agreement between Petitioner (incorporated and with its principal place of business in the Republic of Panama) and Respondents (United States citizens). *See Petitioner's Motion to Confirm Arbitration Award*, Document No. 1 at 1–2.

[4] *See Petitioner's Motion to Confirm Arbitration Award*, Document No. 1 at 10.

[5] *See Respondents' Response in Opposition to Petitioner's Motion to Confirm Arbitration Award*, Document 13 at 3.

must confirm the arbitration award. 9 U.S.C. §§ 10–11. Grounds for opposing enforcement of the arbitration award must be served "within three months after the arbitration award is filed or delivered." *Id.* § 12.

Here, the Arbitrator delivered the Final Award on May 1, 2026.[6] Petitioner notes for the Court that "the deadline under 9 U.S.C. § 12 to serve a motion to vacate, modify, or correct the final award expired on August 3, 2026, and that Respondents did not file or serve such a motion."[7]

A review of the record in this matter reveals that Petitioner has supplied the court with certified copies of the arbitration award and original agreement between the parties.[8] The Court finds that Respondents failed to timely challenge the Final Award under 9 U.S.C. § 12 or otherwise object to its enforcement under the Convention. Based on the foregoing, and the clear language of the FAA, the Court finds that the Final Award should be confirmed, and thus Petitioner's motion granted.[9]

---

[6] *See Final Award*, *supra* note 1 at 106; *see also Petitioner's Reply in Support of Its Petition and Motion to Confirm Final Arbitration Award*, Document 14 at 5.

[7] *Joint Discovery Management Plan*, Document 15 at 6.

[8] *See Final Award*, *supra* note 1; *Petitioner's Motion to Confirm Arbitration Award*, Document No. 1, Exhibit B (*SPA & Promissory Note*).

[9] Considering that the Court has found that all requested relief in this matter should be granted, the Court finds that this matter should be closed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Petitioner's Motion to Confirm Final Arbitration Award (Document No. 1) is **GRANTED**. The Court further

**ORDERS** that the arbitration award attached as Exhibit A to Petitioner's Motion to Confirm Final Arbitration Award (Document No. 1) is **CONFIRMED** as follows:

a. Claimant NRCO is awarded and Respondents Linden Energy, LLC and Stephen P. Payne are ORDERED jointly and severally to pay Claimant the sum of:

i. $750,000 as the principal amount remaining under the Agreement and Promissory Note, plus;

ii. Interest at the rate of 6.71 % on $750,000.00 from and after December 21, 2025, plus;

iii. $557,000 as pre-award interest at a rate of 6.71 % on the applicable principal amounts, from July 21, 2016, through December 21, 2025;

iv. $768,940.10 in attorneys' fees, plus;

v. The administrative fees and expenses of the ICDR totaling $21, 825.00 shall be borne by Respondents Linden Energy, LLC and Stephen P. Payne, and the compensation and expenses of the arbitrator totaling $87, 500.00 shall be borne $87,500.00 by Respondents Linden Energy, LLC and Stephen P. Payne. Therefore,

Respondents Linden Energy, LLC and Stephen P. Payne shall reimburse Claimant NRCO, an amount of $101,574.50 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Respondents Linden Energy, LLC and Stephen P. Payne; and

b. Claimant is further awarded and Respondents are further ORDERED jointly and severally to pay Claimant post-judgment interest at the maximum rate allowed by law on the foregoing amounts from this date until paid in full.[10] The Court further

**ORDERS** that, having granted all requested relief, Petitioner's matter is hereby **DISMISSED**. The Court further

**ORDERS** that all pending motions in this matter are hereby **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this 27 day of September, 2026.

DAVID HITTNER
United States District Judge

[10] The Court notes that the applicable rate of post-interest is 4.41%.